NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1158, -1179

KUHL WHEELS, LLC and EPILOGICS GROUP,

Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION and FORD MOTOR COMPANY,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -

HAYES LEMMERZ INTERNATIONAL, INCORPORATED,

Plaintiff-Appellee,

v.

KUHL WHEELS, LLC and EPILOGICS GROUP,

Defendants-Appellants.

John C. Elstead, The Elstead Law Firm, of Pleasanton, California, argued for all appellants. Of counsel on the brief were Barry N. Young, Law Offices of Barry N. Young, of Palo Alto, California, and Andrew N. Chang, Esner, Chang & Ellis, of Glendale, California.

Stephen E. Glazek, Barris, Sott, Denn & Driker, PLLC, of Detroit, Michigan, argued for all appellees. With him on the brief were Josh J. Moss and Mark J. Sobanski.

Appealed from: United States District Court for the Eastern District of Michigan

Judge Robert H. Cleland

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1158, -1179

KUHL WHEELS, LLC and EPILOGICS GROUP,

Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION and FORD MOTOR COMPANY,

Defendants-Appellees.

---------------------------------------------------

HAYES LEMMERZ INTERNATIONAL, INCORPORATED,

Plaintiff-Appellee,

v.

KUHL WHEELS, LLC and EPILOGICS GROUP,

Defendants-Appellants.

Appeal from United States District Court for the Eastern District of Michigan in case nos. 03-CV-70181 and 06-CV-15204, Judge Robert H. Cleland.

_____

DECIDED:  February 10, 2009
_____

Before MICHEL, <u>Chief Judge</u>, MAYER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Defendants/Counter-Plaintiffs Kuhl Wheels, LLC and Epilogics Group (collectively, "Kuhl") appeal from summary judgment of non-infringement in favor of Plaintiff/Counter-Defendant Hayes Lemmerz International, Inc. ("Hayes").  <u>See</u> <u>Hayes Lemmerz Int'l, Inc. v. Epilogics Group</u>, 531 F. Supp. 2d 789, 795 (E.D. Mich. 2007).

Kuhl also appeals the grant of Hayes's motion for summary judgment on non-patent issues, including fraud, breach of contract, and unfair business practices. Id. We heard oral argument on February 2, 2009. We are satisfied that there is no genuine issue of material fact regarding either the non-infringement or the non-patent issues. Therefore, we affirm.

Kuhl is the assignee of U.S. Patent Nos. 6,042,194 ("the '194 patent") and 6,520,596 ("the '596 patent"). The '194 patent is directed to steel wheels having a plurality of spoke arrangements, each of which includes at least two elongated spokes connected at their inner ends by a cross-bar that is designed to bolt to the connecting end of the axle of a vehicle. The '596 patent is directed to hubs for steel wheels and wheels incorporating the hubs.

Hayes is a licensee to the '194 patent and other Kuhl Wheel technology. Hayes developed a hi-vent steel wheel—the Struktur Wheel. Each spoke arrangement of the Struktur Wheel is a unitary structure with side-reinforcing flanges connected by full webbing. After Hayes publicly displayed the Struktur Wheel, Kuhl wrote to Hayes alleging that the Struktur Wheel infringed claims of the '194 patent. On January 10, 2003, Kuhl terminated the license.

On January 14, 2003, Hayes filed a declaratory judgment action in the U.S. District Court for the Eastern District of Michigan for non-infringement and invalidity of the '194 patent and the '596 patent. Kuhl counterclaimed for patent infringement and various non-patent claims. Kuhl also filed a separate patent infringement action against General Motors Corporation ("GM") and Ford Motor Company ("Ford").

2

The district court granted Hayes's motions for summary judgment of non-infringement and also on the non-patent claims. <u>Hayes Lemmerz Int'l</u>, 531 F. Supp. 2d 789. Accordingly, the court entered judgment for Hayes. It also entered judgment for GM and Ford pursuant to the doctrine of issue preclusion. Kuhl appeals both judgments.

Kuhl appeals the district court's claim construction of "spokes" and "means for connecting the outer ends of said spokes to said rim." The court defined "spokes" as "rods or braces that carry forces between the rim and the hub," which "need not extend from the hub to the rim" but "must be spaced apart by a radially extending opening." <u>Id.</u> at 798. The intrinsic evidence, including the language of the claims and the specification, as well as the figures of the '194 patent, fully supports this construction. Under the court's claim construction of "spokes," there is no factual dispute that Hayes's Struktur Wheel does not infringe the '194 patent, literally or under the doctrine of equivalents. Therefore, we affirm the summary judgment of non-infringement of the '194 patent. We reach this conclusion without considering the district court's claim construction and infringement analysis of "means for connecting the outer ends of said spokes to said rim."

We also hold that the district court correctly construed the disputed claim terms of the '596 patent and affirm the summary judgment of non-infringement of the '596 patent. Similarly, there is no genuine issue of material fact regarding the non-patent claims. Therefore, we affirm the summary judgment in favor of Hayes on these claims.

For the foregoing reasons, we affirm the district court's grant of Hayes's summary judgment motions.

2008-1158, -1179